**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                                  ) | **CRIMINAL NO. 17-00160-WS** |
| ) | |
| TERRY WHITE                ) | |

FILED OCT 25 '17 PM12:54 USDC ALS

## FED. RULE 11( C)(1)( 1) PLEA AGREEMENT

The defendant, **TERRY WHITE** represented by his counsel, and the United States of America have reached a plea agreement in this case, pursuant to **Rule 11(c)(1)(C)** of the Federal Rules of Criminal Procedure, the terms and conditions of which are as follows:

### RIGHTS OF THE DEFENDANT

1.     The defendant understands his rights as follows:

    a.     To be represented by an attorney;

    b.     To plead not guilty;

    c.     To have a trial by an impartial jury;

    d.     To confront and cross-examine witnesses and to call witnesses and produce other evidence in his defense; and

    e.     To not be compelled to incriminate himself.

### WAIVER OF RIGHTS AND PLEA OF GUILTY

2.     The defendant waives rights b through e, listed above, and pleads guilty to Count Two of the Indictment, charging a violation of Title 18, United States Code, Section 2252A (a)(2)(B), Receipt of Child Pornography.

1

3.    The defendant understands that the statements he makes under oath in the plea of guilty must be completely truthful and that he can be prosecuted for making false ~~statements or perjury, or receive a perjury enhancement at sentencing, for any~~ false statements he makes intentionally in this plea of guilty.

4.    The defendant expects the Court to rely upon his statements here and his response to any questions that he may be asked during the guilty plea hearing.

5.    The defendant is not under the influence of alcohol, drugs, or narcotics. He is certain that he is in full possession of his senses and is mentally competent to understand this Plea Agreement and the guilty plea hearing which will follow.

6.    The defendant has had the benefit of legal counsel in negotiating this Plea Agreement. He has discussed the facts of the case with his attorney, and his attorney has explained to the defendant the essential legal elements of the criminal charge which has been brought against him. The defendant's attorney has also explained to the defendant him understanding of the United States' evidence and the law as it relates to the facts of his offense.

7.    The defendant understands that the United States has the burden of proving each of the legal elements of the criminal charge beyond a reasonable doubt. The defendant and his counsel have discussed possible defenses to the charge. The defendant believes that his attorney has represented him faithfully, skillfully, and diligently, and he is completely satisfied with the legal advice of his attorney.

8.    Defendant recognizes that pleading guilty may have consequences with respect to immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which

2

he is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States.

9.      A separate document, entitled Factual Resume, will be submitted to the Court as evidence at the guilty plea hearing. The Factual Resume is incorporated by reference into this Plea Agreement. The defendant and the United States agree that the Factual Resume is true and correct. Alterations to the Plea Agreement or Factual Resume initialed only by the defendant and his counsel are not part of this agreement and are not agreed to by the United States.

10.     This plea of guilty is freely and voluntarily made and is not the result of force, threats, promises, or representations, apart from those representations set forth in this Plea Agreement. The defendant is pleading guilty because he is guilty.

11.     The defendant also knowingly and voluntarily waives all rights, whether asserted directly or through a representative, to receive from the United States after sentencing any further records, reports, or documents pertaining to the investigation or prosecution of this matter. This waiver includes, but is not limited to, rights under the Freedom of Information Act and the Privacy Act of 1974.

## PENALTY

12.    The maximum penalty the Court could impose as to Count Two of the Indictment

is:

a.    20 years imprisonment;

b.    A fine not to exceed $250,000;

c.    A term of supervised release of five (5) years to LIFE, which would

follow any term of imprisonment.  If the defendant violates the conditions

of supervised release, he could be imprisoned for the entire term of

supervised release;

d.    A mandatory special assessment of $100.00; and

e.    Such restitution as may be ordered by the Court.


## SENTENCING AND APPLICATION OF FED.R.CRIM.P. 11(c)(1)(C)

13.    The defendant acknowledges that the Court will impose sentence in this case, and

that the parties have reached a binding agreement as to the appropriate sentence.

Specifically, the defendant acknowledges that Federal Rule of Criminal Procedure

11(c)(1)(C) provides in relevant part:

> If the defendant pleads guilty . . . to . . . a charged offense . . ., the
> plea agreement may specify that an attorney for the government
> will: . . . (C) agree that a specific sentence or sentencing range is the
> appropriate disposition of the case. . . (such a recommendation or
> request binds the court once the court accepts the plea agreement).

14.    The defendant has reviewed Rule 11(c)(1)(C) with his attorney and understands

that it will govern the sentence imposed by the Court in this case.

15. The parties agree that a sentence of **SEVEN** (7) years imprisonment to be followed by a lifetime term of supervised release as to Count Two is the appropriate resolution in this case. The defendant further understands that if the Court accepts his plea, this plea agreement binds the Court, and the defendant will be sentenced to **SEVEN** (7) years imprisonment to be followed by a lifetime term of supervised release as to Count Two.

16. The United States will provide all relevant sentencing information to the Probation Office for purposes of the pre-sentence investigation. Relevant sentencing information includes, but is not limited to, all facts and circumstances of this case and information concerning the defendant's conduct and background.

17. Both the defendant and the United States are free to allocute fully at the time of sentencing.

18. The defendant agrees to tender $100.00 to the U.S. District Court Clerk in satisfaction of the mandatory special assessment in this case. The United States reserves the right to withdraw any favorable recommendations it may agree to within this document if the defendant fails to pay the special assessment prior to or at the time of his sentencing.

## SEX OFFENDER REGISTRATION

19. Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act ("the Act"), Title 42, United States Code, Section 16911 et seq., he is a sex offender as that term is defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex-offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee,

or is a student. Defendant further agrees that for initial registration purposes only, Defendant is required to also register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

## RESTITUTION

20.   Pursuant to 18 U.S.C. §§ 3556 and 3663(A), restitution is mandatory. The defendant agrees to make full restitution in an amount to be determined by the Court at sentencing.

## FORFEITURE

21.   The defendant agrees to confess the forfeiture to the United States of all properties which represent proceeds of his criminal activities or which facilitated any aspect of these illegal activities as determined by the Court at sentencing including a cell phone.

## FINANCIAL OBLIGATIONS

22.   The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

6

## UNITED STATES' OBLIGATIONS

23.     The United States will not bring any additional charges against the defendant related to the facts underlying the Indictment and will not pursue additional charges against the defendant in connection with this matter. This agreement is limited to the United States Attorney's Office for the Southern District of Alabama and does not bind any other federal, state, or local prosecuting authorities.

## LIMITED WAIVER OF RIGHT TO APPEAL AND
## WAIVER OF COLLATERAL ATTACK

24.     As part of the bargained-for exchange represented in this plea agreement, and subject to the limited exceptions below, the defendant knowingly and voluntarily waives the right to file any direct appeal or any collateral attack, including a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Accordingly, the defendant will not challenge his guilty plea, conviction, or sentence in any district court or appellate court proceedings.

      a.     **EXCEPTIONS.** The defendant reserves the right to timely file a direct appeal challenging:

      (1)     any sentence imposed in excess of the statutory maximum;

      (2)     any sentence which constitutes an upward departure or variance from the advisory guideline range.

The defendant also reserves the right to claim ineffective assistance of counsel in a direct appeal or § 2255 motion.

25.     If the United States files a notice of appeal and such appeal is authorized by the Solicitor General, the defendant is released from the appellate waiver.

26.     The defendant further reserves the right to timely move the district court for an amended sentence under 18 U.S.C. § 3582 in the event of a future retroactive amendment to the Sentencing Guidelines which would affect the sentence.

27.     If the defendant receives a sentence within or below the advisory guideline range, this plea agreement shall serve as the defendant's express directive to defense counsel to timely file a "Notice of Non-Appeal" following sentencing, signed by the defendant.

## VIOLATION OF AGREEMENT

28.     The defendant understands that if he breaches any provision of this Plea Agreement, the United States will be free from any obligations imposed by this agreement, but all provisions of the agreement remain enforceable against the defendant.  In the exercise of its discretion, the United States will be free to prosecute the defendant on any charges of which it has knowledge.  In such event, the defendant agrees not to assert any objections to prosecution that he might have under the Sixth Amendment and/or Speedy Trial Act.

29.     In addition, if the defendant is released from detention prior to sentencing, he understands that the United States will no longer be bound by this agreement if he violates any condition of his release prior to sentencing or prior to serving his sentence after it is imposed.

8

## ENTIRETY OF AGREEMENT

30.     This document is the complete statement of the agreement between the defendant and the United States and may not be altered unless done so in writing and signed by all the parties.

Respectfully submitted,
RICHARD W. MOORE
UNITED STATES ATTORNEY

Date:  October 25, 2017

Maria E. Murphy
Assistant United States Attorney

Date: 10/25/2017

Vicki M. Davis
Assistant United States Attorney
Chief, Criminal Division

I have consulted with my counsel and fully understand all my rights with respect to the offense charged in the Indictment pending against me.  I have read this Plea Agreement and carefully reviewed every part of it with my attorney.  I understand this agreement, and I voluntarily agree to it.  I hereby stipulate that the Factual Resume, incorporated herein, is true and accurate in every respect, and that had the matter proceeded to trial, the United States could have proved the same beyond a reasonable doubt.

Date: 10/25/17

Terry White
Defendant

9

I am the attorney for the defendant. I have fully explained his rights to him with respect to the offense(s) charged in the Indictment in this matter. I have carefully reviewed every part of this Plea Agreement with him. To my knowledge, his decision to enter into this agreement is an informed and voluntary one. I have carefully reviewed the Factual Resume, incorporated herein, with the defendant and to my knowledge, his decision to stipulate to the facts is an informed, intelligent and voluntary one.

Date: _10/25/17_

Peter Madden
Attorney for Defendant

10

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

UNITED STATES OF AMERICA )
)
v. )   CRIMINAL NO.  17-00160-WS
)
TERRY WHITE )

## FACTUAL RESUME

The defendant, **TERRY WHITE** admits the allegations of Count Two of the Indictment.

## ELEMENTS OF THE OFFENSE

**TERRY WHITE** understands that in order to prove a violation of Title 18, United States Code, Section 2252A(a)(2), as charged in Count 2 of the Indictment, the United States must prove:

First: That the defendant knowingly received an item of child pornography,

Second: the item of child pornography had been transported in interstate or foreign commerce including by computer and

Third: when the defendant received the item the Defendant believed the item was child pornography.

## EVIDENCE

**TERRY WHITE** admits in open court and under oath that the following statement is true and correct and constitutes evidence in this case. This statement of facts is provided solely to assist the Court in determining whether a factual basis exists for **TERRY WHITE** plea of guilty. The statement of facts does not contain each and every fact known to **TERRY WHITE**

1

and to the United States concerning the defendant's involvement in the charge set forth in the plea agreement:

On October, 24, 2016, **TERRY WHITE** was sentenced as a Youthful Offender in Clarke County Circuit Court, Case No. 2016-352, to serve 3 years imprisonment for Electronic Solicitation of a Child. He served 172 days and the balance was suspended. On or about October 26, 2015, the defendant requested that a fifteen year old girl send obscene pictures of herself. The mother found out that the girl had sent him nude pictures and reported it to law enforcement.

The National Center for Missing and Exploited children received a tip from Facebook that on February 21, 2016, an individual using the email address: terry_white95@yahoo.com and Facebook user name: terry.white54 solicited a fifteen year old girl to send him obscene pictures of herself. A search of the defendant's Facebook Messenger account revealed that he had been asking the fifteen year old girl to send him images of herself masturbating. She sent and he received four videos and one image which contained a visual depiction of a the child masturbating. The images were transported in interstate commerce from North Carolina to Alabama and through use of the computer.

2

AGREED TO AND SIGNED.

Respectfully submitted,

RICHARD W. MOORE
UNITED STATES ATTORNEY

Date: __October 25, 2017__

Maria E. Murphy
Assistant United States Attorney

Date: __10/25/2017__

Vicki M. Davis
Assistant United States Attorney
Chief, Criminal Division

Date: __10/25/17__

**TERRY WHITE**
Defendant

Date: __10/25/17__

Peter Madden
Attorney for Defendant

3