IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 17-0160-WS |
| | ) |
| TERRY WHITE, | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

The defendant has filed a document requesting "a variance for the Covid-19 in my case." (Doc. 42). The Court construes the document as a motion for compassionate release based on the COVID-19 epidemic.

In February 2018, the Court sentenced the defendant to 84 months imprisonment. (Doc. 39). The Bureau of Prisons ("BOP") website identifies his anticipated release date as January 17, 2023.

Section 3582(c)(1) permits a defendant to file a motion for compassionate release, but only after either exhausting all administrative remedies following BOP's failure to bring such a motion on his behalf, or after 30 days from the warden's receipt of the defendant's request for such relief. The defendant gives no indication that he has complied with this requirement.

Even could the defendant's failure to follow Section 3582(c)(1)'s procedures be excused, he would not be entitled to relief. A necessary predicate to relief under this provision is a judicial finding that "extraordinary and compelling reasons" warrant a reduction in sentence; a second is that any reduction be consistent with policy statements of the Sentencing Commission ("the Commission"). The statute does not define the quoted phrase, but the Commission's policy statement does. U.S.S.G. 1B1.13. This policy statement was issued pursuant to the Commission's statutory obligation to "promulgate … general policy statements regarding … the appropriate use of … the sentence modification provisions set forth in sectio[n] … 3582(c) of title 18 …",[1] in which policy statement the Commission is required to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria

---

[1] 28 U.S.C. § 994(a)(2)(C).

be applied and a list of specific examples."[2]  The Commission's policy statement thus establishes the boundaries of what may and may not be judicially determined to be extraordinary and compelling reasons for a sentence reduction.  Fear of contracting COVID-19 is not among them.

Even could COVID-19 in some circumstances provide grounds for relief under Section 3582(c)(1)(A), the defendant has not attempted to show that it would do so in his case.  The defendant is housed at USP Marion, where the BOP website identifies only four active inmate cases out of over 1,000 inmates.  The defendant therefore has not demonstrated a significant risk of contracting the virus.  The defendant is only 24 years old, and as of sentencing he reported himself to be in "good" health.  (Doc. 34 at 2, 8).  The defendant therefore has not demonstrated a significant risk of a serious illness even should he contract the virus.

For the reasons set forth above, the defendant's motion for compassionate release is **denied**.

DONE and ORDERED this 20th day of August, 2020.

s/WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 994(t).